UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.L., <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br> KILOLO KIJAKAZI, <br><br>　　　　　　Defendant. | Case No. 20-cv-04240-RS <br><br> **ORDER GRANTING MOTION FOR ATTORNEY FEES** |

## I. INTRODUCTION

Plaintiff's counsel Harvey P. Sackett has moved to recover fees in this Social Security action under 42 U.S.C. § 406(b). *See* Dkt. 25-1. Pursuant to Civil Local Rule 7-1(b), this motion is suitable for disposition without oral argument. For the reasons set forth below, the fees requested are reasonable, and the motion is granted.

## II. BACKGROUND

A more complete factual and procedural background is recited in the order granting Plaintiff's motion for summary judgment. *See* Dkt. 21. To summarize, Plaintiff S.L.[1] originally applied for Social Security Disability Insurance Benefits in July 2014. Her application was denied

---

[1] This order maintains the practice of referring to Plaintiff only by her initials, given the sensitive medical information described throughout this action. This does not alter the degree of public access to this or other public filings in this action, as provided by Rule 5.2(c) of the Federal Rules of Civil Procedure and Civil Local Rule 5-1(c)(5)(B)(i).

and, following administrative appeals, Plaintiff sought judicial review in the immediate case in June 2020. Judgment was entered in November 2021 awarding Plaintiff retroactive benefits. *See* Dkt. 22. Following remand to the Social Security Administration, the agency determined Plaintiff was owed $149,517.00 in benefits, with 25 percent, or $37,379.25, withheld for prospective attorney fees. Pursuant to two separate stipulations by the parties, the government was also ordered to pay Sackett a total of $8,744.00 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *See* Dkt. 24.[2]

Sackett now moves to recover fees pursuant to 42 U.S.C. § 406(b), arguing that the fee request is reasonably calculated. The government filed a statement of non-opposition, stating that, because it "was not a party to the contingent-fee agreement between [Sackett] and Plaintiff," it is "not in a position to either assent or object to the § 406(b) fees that Counsel seeks from Plaintiff's past-due benefits." Dkt. 26, at 1. The government nevertheless offers its own analysis of the motion in its role "resembling that of a trustee for Plaintiff." *Id.* at 3 (quoting *Gisbrecht v. Barnhart*, 553 U.S. 789, 798 n.6 (2002)).

### III. LEGAL STANDARD

Section 406(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). This fee derives from funds withheld from the past-due benefits payment by the SSA.

The Supreme Court has instructed courts to utilize attorney-client fee agreements as a baseline when considering a fee motion under 42 U.S.C. § 406(b). *Gisbrecht*, 535 U.S. at 807–08. Courts must review such fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Specifically, the attorney's recovery should be

---

[2] The government was ordered to pay $5,500.00 in this action, and $3,244.00 in a preceding action filed by Plaintiff regarding the same denial of benefits. *See* Dkt. 26, at 1–2.

analyzed "based on the character of the representation and the results the representative achieved." *Id.* at 808. The burden is on the attorney to "show that the fee sought is reasonable for the services rendered." *Id.* at 807.

*Gisbrecht* identifies at least three examples of when a court-imposed fee reduction may be warranted. *Id.* at 807–08; *see also Crawford v. Astrue,* 586 F.3d 1142, 1151–52 (9th Cir. 2009) (en banc). First, the fee may be reduced if the attorney's representation is substandard. *Gisbrecht,* 535 U.S. at 808. Second, if "the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* Third, if "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id. Gisbrecht* authorizes courts to consider evidence of the hours incurred and the hourly rates normally charged in non-contingent matters "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but cautioned that such an inquiry should not rise to the level of "satellite litigation" over fees. *Id.* When fee awards are made under both section 406(b) and the EAJA, the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Id.* at 796; *see also* 28 U.S.C § 406(b)(1)(A).

## IV. DISCUSSION

The agreement between Sackett and Plaintiff contemplates that Sackett may receive fees up to the 25-percent statutory cap — that is, up to $37,379.25. The instant motion requests this full amount, with the further understanding that Sackett will refund Plaintiff the $8,744.00 in EAJA fees as required by § 406(b). While the fee agreement is relevant to the analysis under *Gisbrecht*, the request itself ultimately must be evaluated based on its reasonableness.

Here, there is no evidence that Sackett's representation was substandard, nor that he caused any undue delay. The main analysis, then, is whether the fee request is reasonable in comparison to the amount of time spent on the case. Sackett states he spent 40.25 hours on the case, meaning the effective hourly fee he requests is $928.67. While this is significantly higher than the $688.00 that Sackett posits would be an acceptable fee for an attorney with his experience, *see* Dkt. 25-1, at

10, it is well within the range of fee requests approved in other Social Security cases — including many in this District. *See, e.g.*, *Kristy Marie K. v. Saul*, No. 20-cv-04156-DMR, 2023 WL 218863, at *2 (N.D. Cal. Jan. 17, 2023) (finding $916.03 hourly rate reasonable); *Harrell v. Berryhill*, No. 16-cv-02428, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) (finding $1,213.83 hourly rate reasonable); *McCullough v. Berryhill*, No. 16-cv-00625, 2018 WL 6002324, at *2 (N.D. Cal. Nov. 15, 2018) (finding $874.72 hourly rate reasonable). Sackett further argues an upward variance is justifiable given the substantial risk of loss in Social Security cases. This, too, finds support in case law. *See, e.g.*, *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003); *Crawford*, 583 F.3d at 1149. Sackett's fee request is, therefore, reasonably calculated.

## V. CONCLUSION

The motion for attorney fees is granted. Sackett shall collect $37,379.25 in attorney fees and must refund the EAJA fee awards, in the amount of $8,744.00, to S.L.

**IT IS SO ORDERED**.

Dated: March 3, 2023

_____
RICHARD SEEBORG
Chief United States District Judge